UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60721-CIV-MORENO/OTAZO-REYES

IRA MARC FLADELL, SARAH CROUCH, GREG OLSON, MARGARET ZAWISTOWSKI, TILENA ALI, DANNY LANE and BEVERLY LANE on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS FARGO INSURANCE, INC.; ASSURANT, INC.; AMERICAN SECURITY INSURANCE COMPANY; VOYAGER INDEMNITY INSURANCE COMPANY, STANDARD GUARANTY INSURANCE CO.; QBE SPECIALTY INSURANCE COMPANY; QBE INSURANCE CORPORATION; QBE FIRST INSURANCE AGENCY, INC.; QBE FINANCIAL INSTITUTION RISK SERVICES, INC.; and PRAETORIAN INSURANCE COMPANY,

    Defendants.

**OBJECTION TO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BY TAMARA L. COCHRAN-MAY**

Tamara Cochran-May, plaintiff in a class action relating to the force-placed wind insurance practices of Wells Fargo Bank, N.A, Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), Assurant, Inc., American Security Insurance Company and Voyager Indemnity Company pending in the District Court for the Southern District of Texas styled as *Cochran-May v. Wells Fargo Bank, N.A.*, No. 2:12-cv-00240 (S.D Tx.) ("*Cochran-May*") objects to the proposed settlement of claims relating to <u>force-placed wind insurance</u> as set forth in the Plaintiffs' Motion for Preliminary Approval of Class Settlement and for Certification of the Settlement Class. *See Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-cv-60721 (S.D. Fla.) ("*Fladell*"), ECF No. 158.  As more fully set forth below, Plaintiff Cochran-May objects to the *Fladell* parties' inclusion of force-placed wind insurance claims in the settlement because there is no evidence that any of the named plaintiffs in *Fladell* had wind insurance force-placed and therefore they lack standing to assert or settle these claims.

## I. BACKGROUND TO PLAINTIFF TAMARA COCHRAN-MAY'S OBJECTION

On July 24, 2012, Plaintiff Cochran-May filed a complaint alleging that Wells Fargo[1] and Assurant[2] acted together to force-place wind insurance on borrowers not simply to protect Wells Fargo's interest in the borrowers' properties but to generate improper financial benefits to the defendants.  Plaintiff Cochran-May filed a First Amended Class Action Complaint on September 17, 2012 ("*Cochran-May* FAC") (*Cochran-May*, ECF No. 27) which is the operative complaint in the case.  Specifically, Ms. Cochran-May alleges that Wells Fargo and Assurant engaged in "unlawful, abusive and unfair practices with respect to force-placed insurance." *Cochran-May*, ECF No. 27, ¶ 6. These practices included "purchasing unconscionably high-priced insurance

---

[1] Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage.

[2] Assurant, Inc., American Security Insurance Company and Voyager Indemnity Insurance Company.

policies, having pre-arranged agreements to force-place insurance from a single company in which they have a financial interest, backdating the force-placed policies to charge for retroactive coverage during periods with no risk, double charging for certain periods of coverage, over-insuring property and receiving 'commissions,' 'kickbacks,' and percentages of premiums on force-placed policies, deriving unjustified profits through said financial arrangements and "kickbacks". *Id*. at ¶ 7.  The "kickbacks" took the form of, *inter alia*, unearned commissions, charging for unnecessary, duplicative force-placed wind insurance, and charges for services unrelated to the actual provision of borrowers' force-placed wind insurance such as the cost of tracking the entire Wells Fargo loan portfolio at issue.  *Id.* at ¶ 8.[3]

Review of the *Fladell* Plaintiffs' Motion for Preliminary Approval and the *Fladell* Second Amended Complaint ("*Fladell* Complaint") (*Fladell*, ECF No. 155) reveals that while the *Fladell* plaintiffs seek to certify a nationwide class of borrowers whose hazard, flood, flood gap, or wind-only insurance was force-placed by Wells Fargo, there is no evidence that Wells Fargo ever force-placed wind insurance on any of the *Fladell* plaintiffs.  The *Fladell* Complaint carefully describes the kind of insurance that Wells Fargo force-placed and the history of that force-placement, and significantly, the *Fladell* plaintiffs do not allege that any of them had their wind-only insurance force-placed.[4]

---

[3] At the time that the *Fladell* parties notified the Court in *Cochran-May* that a settlement was imminent.

[4] *See e.g*. *Fladell* Complaint ¶¶ 58, 59 (describes the force-placement of Mr. Fladell's flood insurance and does not mention wind insurance, 64 -74 (describes the force-placement of Sarah Crouch's homeowners insurance and does not mention wind insurance), 80 (describes the force-placement of Greg Olson's hazard insurance), 89, 90 (describes the force-placement of Margaret Zawistowski's flood insurance and does mention wind insurance), 96 (describes the force-placement of Tilena Ali's hazard insurance and does not mention wind insurance, and 102 (describes the force-placement of Danny and Beverly Lane's hazard and flood insurance and does not mention wind insurance).

**II.     SPECIFIC OBJECTIONS**

Ms. Tamara Cochran-May objects to the *Fladell* parties' attempt to settle any claims relating to force-placed wind insurance because, *inter alia*, there is no evidence in the record that any of the *Fladell* plaintiffs had their wind insurance force-placed, and therefore, none of the named plaintiffs in *Fladell* have standing to assert or settle those claims.

The parties in *Fladell* concede that wind-only insurance is a different product than hazard, flood, or flood gap insurance. Indeed, they list it as a separate form of insurance in the description of the proposed class. The MDL panel, when confronted with the request to create an MDL that would include all force-placed insurance cases against different lenders and involving different forms of force-placed insurance, specifically found that there were insufficient common issues to justify centralization of all such force-placed insurance cases, stating, "…***different force-placed insurance program[s]***," *i.e.* hazard, wind, flood or flood-gap, do not share "sufficient [common] questions of fact to justify [centralization]." *In Re: Mortg. Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1352-54. (J.P.M.L. 2012) (emphasis added). This same reasoning applies here. The issues and facts relating to wind insurance are not the same as those for flood and hazard insurance. It therefore follows that the *Fladell* plaintiffs' claims are not typical of a class that includes borrowers whose wind insurance was force-placed and, therefore, the *Fladell* plaintiffs cannot adequately represent those borrowers' interests. *See e.g*. *Stalley v. ADS Alliance Data Sys., Inc.*, 2013 WL 6184065, at *9 (M.D. Fla. Nov. 25, 2013) ("When the class representative's injury is different from that of the rest of the class, his claim is not typical and he cannot serve as the class representative.")(citation omitted). *See also*, *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) ("For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at

3

least one of the requirements set forth in Rule 23(b)…Under Rule 23(a), every putative class first must satisfy the prerequisites of 'numerosity, commonality, typicality, and adequacy of representation.'") (internal citations omitted). As the *Fladell* plaintiffs cannot satisfy these stringent requirements, they do not have standing to resolve Ms. Cochran-May's claims or those of other borrowers whose wind insurance was force-placed by Wells Fargo.

Ms. Cochran-May reserves her right to assert further objections to the proposed settlement on the grounds that it is not reasonable, is not fair to the proposed settlement class and was not the product of "informed" negotiations.

### III. CONCLUSION

For the foregoing reasons, Ms. Cochran-May asks this Court to deny preliminary approval of the proposed settlement insofar as it purports to settle claims pertaining to force-placed wind insurance.

DATED: March 12, 2014                                        Respectfully submitted,

*/s/ Tod Aronovitz*
Tod Aronovitz (FBN 186430)
**ARONOVITZ LAW**
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 372-2772
Facsimile: (305) 397-1886
Email: ta@aronovitzlaw.com

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Edward W. Ciolko
Peter A. Muhic
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: eciolko@ktmc.com
Email: pmuhic@ktmc.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis (FBN 324681)
One Tampa City Center, 7th Floor
Tampa, Florida 33602
Telephone: (813) 275-5272
Facsimile: (813) 223-5402
Email: jyanchunis@forthepeople.com

**MEREDITH & NARINE**
Krishna B. Narine
Joel C. Meredith
100 S. Broad St., Suite 905
Philadelphia, PA  19110
Phone: (215) 564-5182
Fax: (215) 569-0958
Email: knarine@m-npartners.com
Email: jmeredith@m-npartners.com

**ELLINGTON & ASSOCIATES, P.C.**
Caldwell Fletcher
77 Sugar Creek Center Blvd., Suite 325
Sugar Land, TX   77478
Telephone: 832/500-4932
Telefax: 832/999-4016
Email: cfletcher@bljc-law.com

*Counsel for Plaintiff Objector, Tamara L. Cochran-May*

5

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that on March 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day, via transmission of Notices of Electronic Filing generated by CM/ECF or via other transmission, on all counsel of record.

By: */s/ Tod Aronovitz*