UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:13-cv-60721-MORENO/OTAZO-REYES

IRA MARC FLADELL, SARAH CROUCH,
GREG OLSON, MARGARET
ZAWISTOWSKI, TILENA ALI, DANNY
LANE and BEVERLY LANE on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; ASSURANT, INC.;
AMERICAN SECURITY INSURANCE
COMPANY; VOYAGER INDEMNITY
INSURANCE COMPANY, STANDARD
GUARANTY INSURANCE CO.; QBE SPECIALTY
INSURANCE COMPANY; QBE INSURANCE
CORPORATION; QBE FIRST INSURANCE
AGENCY, INC.; QBE FINANCIAL INSTITUTION
RISK SERVICES, INC.; and
PRAETORIAN INSURANCE  COMPANY,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COCHRAN-MAY
OBJECTION TO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

    Attorney Ed Ciolko and his co-counsel have filed an eleventh-hour objection for their client Tamara L. Cochran-May, who has neither appeared as a party nor intervened in this action. These are the same attorneys who unsuccessfully attempted to upend the settlement in *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-cv-21107 (S.D. Fla.) last month, by means of intervention (D.E. 65, 68), and who lodged "laughable" and "meritless" objections to that settlement on final approval (D.E. 98, 103), which this Court ultimately overruled (D.E. 128). They now contend that Plaintiffs in this action lack standing to settle force-place wind insurance

1

claims on behalf of a nationwide settlement class in hopes of trying to force a settlement of a force-place wind insurance class action that they are litigating in the Southern District of Texas. Counsel's objection on behalf of Ms. Cochran-May is not only untimely because preliminary approval has not yet been granted and the time for settlement objections has not begun, but also legally groundless because Ms. Cochran-May's force-placed wind insurance claims arise from the same course of conduct as Plaintiffs' claims here, and assert the same injury. Indeed, the complaints in this action and *Cochran-May* are strikingly similar. Under the circumstances, Plaintiffs have standing to represent settlement class members with force-placed wind insurance claims as well as those with claims arising from the forced placement of hazard coverage. Further, to the extent that Ms. Cochran-May takes issue with the settlement, she may bring her objections in the proper course pursuant to Rule 23. The Court should overrule Ms. Cochran-May's objection.[1]

## **LEGAL ARGUMENT**

The objector argues that Plaintiffs lack standing to represent class members who had wind insurance forced on their properties. Courts have concluded that such objections are more properly characterized as objections to commonality, typicality, or adequacy under Rule 23(a),[2]

---

[1] This marks the second time these attorneys have attempted to obstruct this litigation. In October 2013, in *Kuehner v. Wells Fargo Bank, N.A. et al.,* Case. No. 13-23663- CIV-MORENO, they attempted to have *Kuehner* consolidated with this matter. In rejecting these obviously obstructionist tactics, this Court dismissed the *Kuehner* action finding that the interests of the plaintiffs in Kuehner were represented already by Plaintiffs in this class action. *See Kuehner,* at D.E. 29.

[2] *See, e.g., Dugas v. Hoffpauir*, No. 93-cv-1699, 1995 WL 556317, at *6 (W.D. La. Apr. 13, 1995) ("as long as the representative parties have a direct and substantial interest, they have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests, depends not on standing, but on an assessment of typicality and adequacy of representation") (quoting 7B Wright & Miller, FED. PRACTICE & PROC. § 1785.1 (1994)); *Gilchrist v. Bolger*, 89 F.R.D. 402, 405 (N.D. Ga. 1981) (requirement

but regardless of the label employed, Ms. May's argument is misplaced.  Plaintiffs have standing to represent Ms. Cochran-May and other borrowers with force-placed wind insurance even though these class members hold insurance that covers different types of "hazards" because Defendants "followed a similar pattern of conduct" with respect to the forced placement of hazard and wind insurance, and all plaintiffs have "alleged a common injury arising out of that conduct." *Hinman v. M&M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008) (rejecting lack of standing argument); *See, e.g., Hassine v. Jeffes*, 846 F.2d 169, 176-78 (3d Cir. 1988) (distinguishing between standing and Rule 23 requirements and asserting that "Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be *common* to the class and that the named plaintiff demonstrate a personal interest or 'threat of injury … [that] is real and immediate, not conjectural or hypothetical'") (emphasis and brackets in original; citations omitted); *Demmick v. Cellco P'ship*, No. 06-cv-2163, 2010 WL 3636216, at *20-21 (D.N.J. Sept. 8, 2010) (representative plaintiff had standing to represent cell phone subscribers with two different plans in action with claims brought on behalf of two different classes, and claims were typical of those of all class members); *Moore v. Fidelity Fin. Servs.*, Nos. 94-cv-2558, 96-cv-4894, 1998 WL 210941, at *4 (N.D. Ill. Mar. 16, 1998) ("typicality does not mean identity but rather a broader form of congruity") (citation omitted).  This is evidenced by a comparison of the complaints in this action and *Cochran-May,* which are strikingly similar with respect to the facts alleged.  Ms. Cochran-May alleges, much like Plaintiffs do here, that:

---

that there be nexus between plaintiffs' status and that of individual class members "is often couched in terms of 'standing' in an 'extra-constitutional sense, … as a legal short-hand for one or more of the requirements of Rule 23(a),' ,… ordinarily commonality and typicality") (internal citation omitted).

3

> Defendants have engaged in unlawful, abusive, and unfair practices with respect to force-placed insurance, including, among others … (a) receiving fees, payments, commissions, improper reinsurance premiums and/or other things of value from providers of force-placed insurance; (b) providing force-placed insurance from their own affiliates at an improperly high cost to the borrower; and (c) forcing borrowers to pay for unnecessary insurance.

*Cochran-May v. Wells Fargo Bank, N.A.*, No. 2:12-cv-00240 (S.D. Tex.) (D.E. 27), attached as **Exhibit A**, at ¶ 6.

Ms. Cochran-May alleges further that Defendants charge borrowers "unearned commissions" more properly described as kickbacks, backdate policies to cover periods during which no claims were made, and enter into riskless reinsurance arrangements by which the lender assumes little or no risk. *See, e.g., id.* ¶¶ 7, 9, 11, 48, 67. She also brings substantially the same claims as Plaintiffs here, seeking to recover the "unreasonable overcharges" included in their force-placed premiums with claims for unjust enrichment, breaches of contract and the implied covenant of good faith and fair dealing, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. (Ex. A ¶¶ 94-129.)  Because Plaintiffs here have the same interests as Ms. Cochran-May and other Wells Fargo borrowers with force-placed wind insurance, they have standing to represent all members of the proposed nationwide class, hold claims that raise common questions and are typical to those held by absent class members, and should be found to be adequate representatives. The Court should overrule Ms. Cochran-May's untimely objection.

## CONCLUSION

The allegations and claims in this action and *Cochran-May* are substantially the same. It was for this reason that the District Court in *Cochran-May* stayed that action pending approval of this parties' settlement here, and that this Court should overrule the untimely objection by Ms. Cochran-May's counsel.

Respectfully submitted this 12th day of March, 2014.

By: /s/ Adam M. Moskowitz

| | |
|---|---|
| Adam M. Moskowitz, Esq.<br>amm@kttlaw.com<br>Harley S. Tropin, Esq.<br>hst@kttlaw.com<br>Tucker Ronzetti, Esq.<br>tr@kttlaw.com<br>Rachel Sullivan, Esq.<br>rs@kttlaw.com<br>Robert J. Neary, Esq.<br>rn@kttlaw.com<br>**KOZYAK, TROPIN, &**<br>**THROCKMORTON P.A.**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL 33134<br>Telephone:  (305) 372-1800<br>Facsimile:   (305) 372-3508<br>*Counsel for Plaintiffs* | Aaron S. Podhurst, Esq.<br>apodhurst@podhurst.com<br>Peter Prieto, Esq.<br>pprieto@podhurst.com<br>**PODHURST ORSECK, P.A.**<br>City National Bank Building<br>25 West Flagler Street, Suite 800<br>Miami, Florida 33130<br>Telephone: 305-358-2800<br>Facsimile: 305-358-2382<br>*Counsel for Plaintiffs* |
| Lance A. Harke, P.A.<br>lharke@harkeclasby.com<br>Sarah Engel, Esq.<br>sengel@harkeclasby.com<br>Howard M. Bushman, Esq.<br>hbushman@harkeclasby.com<br>**HARKE CLASBY & BUSHMAN LLP**<br>9699 NE Second Avenue<br>Miami Shores, Florida 33138<br>Telephone:    (305) 536-8220<br>Facsimile:     (305) 536-8229<br>*Counsel for Plaintiffs* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the 12th day of March, 2014 and served by the same means on all counsel of record.

By:  /s/ Adam M. Moskowitz