UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:13-cv-60721-MORENO/OTAZO-REYES

IRA MARC FLADELL, et al, on behalf of         :
themselves and all others similarly situated, :
                                              :
        Plaintiffs,                           :
                                              :
v.                                            :
                                              :
                                              :
WELLS FARGO BANK, N.A. et al                  :
                                              :
        Defendants.                           :

**OBJECTION TO CLASS ACTION SETTLEMENT
AND NOTICE OF INTENTION TO APPEAR**

NOW COMES Class member James A. Curry of 2109 8th Street, Pascagoula, MS 39567, telephone number 228-297-0020 and objects to the proposed settlement of this class action. Mr. Curry was charged, at various times between May 16, 2009 and April 2014, for hazard lender-placed insurance for his residential property and received individual notice of this proposed settlement. Objector Curry has read this objection filed on his behalf and intends to appear at the fairness hearing scheduled for September 18, 2014 through his undersigned counsel.

Objector Curry files this Objection based on the following:

1. The Settlement is not fair, reasonable, or adequate.

2. The Settlement benefits patently fail to approximate the point on the range of recovery that would be fair, adequate, and reasonable.

3. In exchange for the *de minimus* net consideration totaling 7 or 11 percent of the premiums charged and paid, Objector and all Settlement Class members will unfairly and

1

unreasonably be releasing all claims they have and also waiving all defenses they may otherwise asserted against the Defendants and affiliated entities;

4. The Claims process is unfair, unreasonable and deprives class members of their right to due process, as there is no justification of the settlement being "claims paid" as opposed to "claims made," which requires class members to fill-out and submit onerous, burdensome and unnecessary information, all of which is in the exclusive possession of the Defendants herein;

5. The Release is overbroad, unfair, and unreasonable;

6. The Notice Program is deficient and violates Settlement Class members rights to due process;

7. The Notice itself does not fairly advise proposed Settlement Class members of all material terms of the Settlement, is misleading and deceptive, and violates Settlement Class members' rights to due process;

8. The requested attorneys' fees are excessive and not fair or reasonable.

9. Objector owns a home in Pascagoula, Mississippi. Mr. Curry had paid his mortgage on the property for many years and enjoyed good credit. After hurricane Katrina, Mr. Curry's home was placed in a flood zone. On or about May 16, 2009, Wells Fargo force-placed Mr. Curry into *two (2)* flood insurance policies with two different companies. Immediately thereafter, Mr. Curry began complaining to Well Fargo that the second LPI flood insurance was duplicative and unnecessary. In the following two years, Mr. Curry made repeated complaints to Wells Fargo to stop their billing for the second LPI flood policy. Additionally, he informed Wells Fargo's representatives that he had no intention to pay for the second, duplicative LPI flood policy. Shortly thereafter, Wells Fargo began deducting the second LPI payments from his

line of credit without authorization. When Wells Fargo failed to correct the billing, Mr. Curry closed his line of credit, and his credit was badly damaged.

10. In 2013, Mr. Curry had an existing wind policy in place on his home in Pascagoula, Mississippi. In May 2013, Mr. Curry made a late payment on his wind policy and his coverage lapsed for approximately one month. Shortly thereafter, Wells Fargo forced placed Mr. Curry into a LPI wind policy with an annual premium far in excess of the premium under his existing policy. Within weeks, Mr. Curry paid the past due amount under this own wind policy and provided Wells Fargo proof that his existing wind policy was current and the policy was in full effect. Even though Mr. Curry provided proof that his own wind policy was current and in effect, Wells Fargo continued to bill for the full LPI policy even though this coverage was duplicative and unnecessary. When Mr. Curry refused to pay the unnecessary LPI premiums, Wells Fargo placed the disputed LPI bill in collection and began a highly aggressive collection campaign of "robo-calling" him on his cell phone, on Sundays and in the evening, demanding payment for the duplicative and unnecessary LPI coverage. Mr. Curry's credit was further damaged as a result.

_____
James A. Curry

        Respectfully submitted

        */s/ David D. Dishman*
        DAVID D. DISHMAN, PC
        224 Lewis Wharf
        Boston MA 02110
        617-523-5252
        dave.dishman@gmail.com


        Filed by Pro Hac Vice Sponsor

        */s/ Peter A. Flanagan*
        SIMSES & ASSOCIATES, P.A.
        400 Royal Palm Way, STE 304
        Palm Beach FL 334080
        561-655-8809
        PFlanagan@simeslaw.com


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed via CM/ECF on the 19th day of August, 2014 by the same means on all counsel of record.

By *Pro Hac Vice* sponsor

*/s/ Peter A. Flanagan*