## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:13-cv-60721- MORENO/ORAZO-REYES

IRA MARC FLADELL, SARAH CROUCH,
GREG OLSON, TILENA ALI, MARGARET
ZAWISTOWSKI, DANNY LANE and BEVERLY LANE
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.;
WELLS FARGO INSURANCE, INC.;
ASSURANT, INC.;
AMERICAN SECURITY INSURANCE COMPANY;
VOYAGER INDEMNITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE CO.;
QBE SPECIALTY INSURANCE COMPANY;
QBE INSURANCE CORPORATION;
QBE FIRST NSURANCE AGENCY, INC.;
QBE FINANCIAL INSTITUTION RISK SERVICES, INC.;
and PRAETORIAN INSURANCE COMPANY,
    Defendants.
_____/

## OBJECTIONS TO THE PROPOSED CLASS ACTION
## SETTLEMENT AND NOTICE OF INTENT TO APPEAR

Objector, Jennifer Deachin n/k/a Jennifer Hinjosa hereby provides information needed to demonstrate her membership in the settlement class, objects to the proposed settlement; gives notice of her intent to appear at the September 18, 2014 fairness hearing before Chief US District Judge Federico A. Moreno and says:

### PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

Objector Jennifer Deachin n/k/a Jennifer Hinjosa (Objector Hinjosa) is a member of the settlement class, who: during the class period had a mortgage with defendant Wells Fargo Bank, N.A. and who, was billed for forced placed insurance; and who received published notice. Objector Hinjosa resides at 4932 SW 19th Street, Gainesville, Florida, 32608. Telephone c/o undersigned counsel at (352) 378-9859.

### NOTICE OF INTENT TO APPEAR

Objector Hinjosa hereby gives notice of her intent to appear at the fairness hearing before Chief US District Judge Federico A. Moreno, presently scheduled for September 18, 2014 at 10:00 am in courtroom 13-3 of the Wilkie D. Ferguson, Jr. US Courthouse in Miami.

### OBJECTIONS

The proposed Settlement is unfair, inadequate and unreasonable for the following reasons:

1. The Settlement Notice (the Notice) fails to provide any information: regarding the aggregate estimated damages suffered by the class; the estimated average damages of individual class members; or the relationship, if any, of the chances of success at trial and the decision to accept a recovery of 7 cents to 11cents on the dollar. As a result, class members, and this court, can not determine the fairness, adequacy and reasonableness of the proposed Settlement.

2. By its silence, the Notice does not provide sufficient information to allow Class Members to decide whether to opt out of the settlement or remain part of the class and submit their claim, or to object and hope that the court will require a better

      deal for the class members.

3. The amount of attorneys' fees are unreasonable and excessive, given the problematic nature of a claims made settlement and the resultant likelihood that statistically, over 90% of the class members will not file claims forms and will receive nothing from this settlement.

4. The Notice fails to inform class members that their portion of the settlement is not funded by the defendants by the payment of any amount of money to class counsel as fiduciaries for the class.

5. The Notice describes a request to the court for attorneys' fees and expenses of $19 million. However, the Notice fails to inform class members that the $19 million is funded pursuant to the proposed settlement, not as part of a common fund including both the money to be paid class members and class counsel, but rather as a benefit that only benefits class counsel. Furthermore, class members are not informed that a reduction in class counsels' fee only benefits the defendants because any of the $19 million fund not paid to class counsel reverts to the defendants.

6. Fairness requires: that the defendants pay into a settlement fund which does not revert to defendants if it is not exhausted, but instead spills into a *cy pres*. As structured the proposed settlement incentivizes the non-payment of class members. Every dollar that goes unpaid stays in defendants' pockets. The total amount of money defendants brought to the table should be equitably allocated between class members and class counsel, with the lion's share going to class members, not class

counsel.

7. Assuming *arguendo* the court approves the proposed claims made settlement, the court should defer on an award of attorney fees until the claims period is over and the administrator can report to the court the actual value of the settlement, in terms of claims made.

8. Objector Hinjosa hereby adopts and incorporates any and all other properly-filed objections not inconsistent with the foregoing as if set forth fully herein.

WHEREFORE, Objector Hinjosa respectfully requests that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,
/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florid Bar Number: 209783
**N. ALBERT BACHARACH, JR., P.A.**
Attorney for Plaintiff
4128 NW 13th Street
Gainesville, Florida 32609-1807
(352)378-9859 (FAX) 338-1858

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 19th day of August, 2014, the foregoing was filed with the Clerk of the Court using the CM/ECF filing system and that all counsel of record will automatically be notified by the CM/ECF electronic mail system.

                                                 /s/ N. Albert Bacharach, Jr.
                                                  N. Albert Bacharach, Jr.