## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:13-cv-60721- FAM-MORENO/OTAZO-REYES

IRA MARC FLADELL, SARAH CROUCH,
GREG OLSON, TILENA ALI, MARGARET
ZAWISTOWSKI, DANNY LANE and
BEVERLY LANE on behalf of themselves
and all others similarly situated,
                                    Plaintiffs,

v.

WELLS FARGO, N.A.; WELLS
FARGO INSURANCE INC.;  ASSURANT INC.;
 AMERICAN SECURITY INSURANCE
COMPANY; VOYAGER INDEMITY
INSURANCE COMPANY; STANDARD
GUARANTY INSURANCE COMPANY; QBE SPECIALTY
INSURNACE COMPANY; QBE INSURNACE
CORPPRATION; QBE FIRST INSURANCE
AGENCY, INC; QBE FINANCIAL INSTITUTION
RISK SERVICES, INC; and
PRAETORIAN INSURANCE COMPANY
                                    Defendants



FILED by ___ D.C.

AUG 2 2 2014

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA – MIAMI

**Notice of objection to be presented at Fairness Hearing** scheduled on
September 18, 2014 at 10:00 am, the United States Courthouse, 400 North Miami
Avenue, Miami, FL  33128.

We, Isaac and Vallira D. Johnson, are in receipt of a letter dated August 11, 2014
from Robert J. Neary, Esq., of  Kozyak Tropin and Throckmorton which states,
"*The class action lawsuit relates to the cost of premium and is intended to return a
portion of that cost to class members,*" but the preliminary approval order by the
Honorable Judge Moreno, United States District Court, clearly states a broader
cause for action in the **Recital 1.2,** "*In the Fladell Litigation, Plaintiffs assert
claims for breach of contract, breach of implied covenant of good faith and fair
dealing, unjust enrichment, breach of fiduciary duty, violations of Florida
Deceptive and Unfair Trade Practices Act (FDUTPA), tortious interference with
an advantageous business relationship, violations of the Truth in Lending Act and
the Bank Holding Company Act, and violation of Racketeer Influenced and
Corrupt Organizations Act, and seek to certify a nationwide class of all borrowers
who were charged for hazard, flood, or flood gap, LPI by the Wells Fargo
Defendants*".

Additionally, parties agreed in **Recital 1.19**, "*Without admitting any liability or wrongdoing whatsoever, defendants agree to terms of agreement in order to resolve <u>all issue relating to subject matter of Fladell litigation</u>*". So, listed are my claim related to damages resulting from a claim on a multi-family dwelling which was destroyed by a fire and insured by QBE insurance. QBE Insurance Corporation took more than three years to resolve the claim for the destroyed dwelling. The initial claim was for 232,000 and was settled for 36,000 dollars after a protracted claim process and legal bills. Moreover, premiums were billed by QBE Insurance Corporation, collected by Wells Fargo and paid by my wife and I on this forced placed insurance policy in amounts ranging between 2,000 to 8,000 dollars yearly.

Given **Recitals 1.2 and 1.19**, we trust that after consideration, the legal counselors will approve this claim which has been duly detailed, documented and timely submitted prior to the Fairness Hearing deadline with respect to the finality of this agreement and order upon class members.

**Now**, we plead to present this claim which clearly falls in **Recitals 1.2 and 1.19** as an objection at the Fairness Hearing for the agreement order stipulates that the honorable Judge Moreno will enter final order after consideration and contemplation of duly submitted charges for **Recital 3.4.5** reads, "*Final Approval Hearing: In connection with the preliminary Approval application, the Settling Parties shall request the court schedule and conduct a hearing after dissemination of a Class Notice, at which it will consider whether the Settlement is fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Named Plaintiffs, after good faith consultation with counsel for all Defendants, shall request that, on or after the final Approval Hearing: (iii) determine the Case Contribution Award, if any that should be awarded as <u>contemplated</u> by the Settlement Agreement*".

Judicial Case:  <u>0:13-cv-60721-FAM-MORENO/OTAZO-REYES</u>
Claim Number: <u>12543808</u>
Control Number: <u>549417064</u>
QBE Policy Number: <u>FI LRE780038525</u>
Name: <u>Isaac Johnson</u>
Address:<u>105 Buckingham Blvd., Sumter, South Carolina 29153</u>
Telephone number: <u>803.983.6359</u>

Signature _____    August 15, 2014

**<u>Distribution:</u>**
Clerk of the United States District Court for Southern Region of Florida
400 North Miami – 8th Floor
Miami, FL  33128

Aaron S. Podhurst
Podhurst Orseck, PA
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130

Howard M. Bushman
Harke Clasby and Bushman LLP
9699 NE Second Avenue
Miami Shores, FL  33138

John D. Clark
The Clark Law Firm
22 East Liberty Street
Sumter, South Carolina 29150

Frank G. Burt
Carlton Field Jorden Burt, PA
1025 Thomas Jefferson Street - NW
Suite 400 - East
Washington, SC  20007-3504

## SWORN STATEMENT IN PROOF OF LOSS

| Amount of policy at time of loss: | Claim Number: |
|---|---|
| $ 275,000 | UEK3104 |

| Policy issued: | Date expires: | Agent Name/Agency Address: |
|---|---|---|
| 01-15-09 | 01-15-10 | Bynum Insurance, 1170 Wilson Hall Rd., Sumter, SC |

To the The Automobile Insurance Company Of Hartford, Connecticut   of
At the time of loss, by the above indicated policy, you insured *Valiva and Isaac Johnson*
against the loss *606 + 608 Brickton St. Sumter S.C.* to the property described according to the terms and conditions of said
policy and of all forms, endorsements, transfers and assignments attached thereto.

### TIME AND ORIGIN

A *fire damage* loss occurred about the hour of *9:27* o'clock AM/(PM) (circle one) on the
*24* day of *February* in the year *2009* The cause and origin of the said loss were: *Fire*
*Also a fire on 2/25/09 at 9:24 (am)*

### OCCUPANCY

The building described, or containing the property described, was occupied at the time of the loss as follows and for no other purpose
whatever: *Yes, the building was occupied by tenants (LaVonda Wells and Rodney Covington).*

### TITLE AND INTEREST

At the time of the loss, the interest of your insured in the property described therein was *100 %* No other person or persons
had any interest therein or encumbrance thereon, except *Wells Fargo*
*P O Box 25030, Jacksonville, FL 32241-3070   Loan #0912993736*

### CHANGES

Since the said policy was issued, there has been no assignment thereof, or change of interest, use, occupancy, possession, location or
exposure of the property described , except: *None*

### TOTAL INSURANCE

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of the loss, $ *275,000 or*
as more particularly specified in the apportionment attached besides which there was no policy or other contract of insurance, written
or oral, valid or invalid.

|  |  |  |  |
|---|---|---|---|
| Value | THE ACTUAL CASH VALUE of said property at the time of the loss was: | $ *215,000 or* | *(Insured Value)* |
| Loss | THE WHOLE LOSS AND DAMAGE was: | $ *232,000* | *See Travelers valuation 9/09* |
| Amount Claimed | THE AMOUNT CLAIMED under the above numbered policy is: | $ *232,000.* |  |

### STATEMENTS OF INSURED

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by
or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are
mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any
manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any
other information that may be required will be furnished and considered a part of this proof.
**The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver
of any of its rights.**

State of *North Carolina*

County of *Sumter*

*[signature] Valkim P. John*
Insured

Subscribed and sworn to before me this *11th* day of *August* , *2010*

*[signature]*
Notary Public

## RELEASE AND AUTHORIZATION

The The Automobile Insurance Company Of Hartford, Connecticut is hereby requested, authorized and empowered to pay as
follows:

To _Isaac and Vallira Johnson_ the sum of $ _173,000._ ~~ov~~

To _Wells Fargo_ the sum of $ _59,000._ Approx

Total $ _232,100._ ~~ov~~

In full settlement and satisfaction for all loss and damage which occurred on _2/23/09_ _2/21/09_ to the property described
in this Proof of Loss, and covered under Policy Number _____ , issued to the undersigned.

In consideration of such payment, the Company is hereby discharged and forever released from any and all
claims, demands of liability whatsoever for said loss and damage, under said policy.

_(signatures)_
INSURED

DATE _8-11-10_

MORTGAGEE

P1727  02/07

## SWORN STATEMENT IN PROOF OF LOSS

| Amount of policy at time of loss:<br>$ 275,000 | | Claim Number:<br>UEK3104 |
|---|---|---|
| e issued:<br>01-15-09 | Date expires:<br>01-15-10 | Agent Name/Agency Address:<br>Bynum Insurance, 1170 Wilson Hall Rd., Sumter, S |

To the  The Automobile Insurance Company Of Hartford, Connecticut     of

At the time of loss, by the above indicated policy, you insured  Vallira and Isaac Johnson

against the loss  606 + 608 Brockton Dr, Sumter SC to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers and assignments attached thereto.

### TIME AND ORIGIN

A  fire damage  loss occurred about the hour of  1:27  o'clock AM/PM (circle one) on the
24  day of  February  in the year  2009   The cause and origin of the said loss were:  Fire
Also a fire on 2/25/09 at 9:24 (am)

### OCCUPANCY

The building described, or containing the property described, was occupied at the time of the loss as follows and for no other purpose whatever:  Yes, the building was occupied by tenants (LaVenda Wells and Rodney Covington).

### TITLE AND INTEREST

At the time of the loss, the interest of your insured in the property described therein was  100 % No other person or persons had any interest therein  or encumbrance thereon, except  Wells Fargo
P O Box 25030, Jacksonville, Fl 32241-3070   Loan #0912993736

### CHANGES

Since the said policy was issued, there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described , except:  None

### TOTAL INSURANCE

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of the loss, $ 275,000.00 as more particularly specified in the apportionment attached besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

| | | | |
|---|---|---|---|
| **Value** | THE ACTUAL CASH VALUE of said property at the time of the loss was: | $ 275,000 — | (Insured Value) |
| **Loss** | THE WHOLE LOSS AND DAMAGE was: | $ 232,00 — | (Per Traveler valuation 6/09) |
| **Amount Claimed** | THE AMOUNT CLAIMED under the above numbered policy is: | $ 232,00. | |

### STATEMENTS OF INSURED

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

**The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.**

State of  North Carolina

County of  Sumter

_____
Vallira P. John~
Insured

Subscribed and sworn to before me this  11th  day of  August , 2010

_____
Notary Public

P1727  02/07
Printed in U.S.A.

## RELEASE AND AUTHORIZATION

The The Automobile Insurance Company Of Hartford, Connecticut is hereby requested, authorized and empowered to pay as follows:

To _Isaac and Vallira Johnson_ the sum of    $ _173,000,_

To _Wells Fargo_ the sum of    $ _59,000, Approx_

Total    $ _232,100_

In full settlement and satisfaction for all loss and damage which occurred on _2/23/09_ _2/24/09_ to the property described in this Proof of Loss, and covered under Policy Number    , issued to the undersigned.

In consideration of such payment, the Company is hereby discharged and forever released from any and all claims, demands of liability whatsoever for said loss and damage, under said policy.

_____
INSURED

_8 - 11 - 10_
_____
DATE

_____
MORTGAGEE

P1727  02/07

**QBE Insurance Company**
210 Interstate North Parkway, Suite 400 Atlanta, GA 30339

11-272

547512

Pay   Thirty-Six Thousand and 00/100 Dollars**********************************

04/24/2013          11-24
                    1210
**$36,000.00**

To The  Vallira D Johnson and Clark Law Firm
Order
Of

VOID 180 DAYS FROM ISSUE

**CLAIMS ACCOUNT**

Wells Fargo Bank          Claim Number: 2010002369
420 Montgomery St
San Francisco, CA 94104

Policy Number:                        Agent:
              FI LRE780038525

      Insured: Vallira D Johnson

Claim Number: 2010002369          Date of Loss: 03/25/2010

Mail To: Young Clement Rivers, LLP
         P.O. Box 993
         Charleston SC 29402-0993

Claim

Adjuster    Beth Green

New York, NY 10005
Care of CT Corporation System
1515 Market Street, Suite 1210
Philadelphia, PA 19102

## Additional Named Insured Certificate

LOAN NUMBER: 212293336

NOTIFICATION DATE: 04/08/10

**ADDITIONAL NAMED INSURED**
VALLIRA D JOHNSON
105 BUCKINGHAM BLVD
SUMTER SC 29153

**NAMED INSURED MORTGAGEE**
WELLS FARGO BANK NA #708
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 23030
JACKSONVILLE FL 32241-3030

| POLICY NUMBER  LRE780038525 | | Amount of Insurance | Premium |
|---|---|---|---|
| **POLICY TERM** | Dwelling | $ 275,000 | $ 2,640.00 |
| | Personal Property Endorsement | $ 0.00 | $ 0.00 |
| FROM 01/15/10    TO 01/15/11 | Additional Living Expense Endorsement | $ 0.00 | $ 0.00 |
| | Other Endorsements | | $ 0.00 |
| ☐ NOON   ☒ 12.01am | Deductible - per loss occurrence | | |
| | Property is VACANT at time of loss | $ 1,000 | |
| | Vandalism & Malicious Mischief | $ 1,000 | |
| | All Other Covered Losses | $ 500 | |
| **PROPERTY LOCATION** | | Limit of Liability | Premium |
| 606 608 BROCKINGTON | Personal Liability Endorsement | $ 0.00 | $ 0.00 |
| SUMTER SC 29150 | Medical Payments | $ 0.00 | |
| **ENDORSEMENTS ATTACHED AND FORMING A** | | | $ |
| PART OF THE POLICY | | | $ |
| RP1102 (0109),RP1200 (0109),RP1201 (0109),IL1701 (0109), | | | $ |
| RP1539 (0109),RP1400 (0109),QBGSD1 (0109),IL1703 (0109), | | | $ |
| IL1705 (0109),IL1401 (0109) | | | $ |
| | | | $ |
| | | | $ |
| | TOTAL CHARGES | | $ 2,640.00 |

## NOTICE TO ADDITIONAL NAMED INSURED (BORROWER):
THIS INSURANCE WILL NOT PROVIDE COVERAGE FOR AN AMOUNT GREATER THAN THE AMOUNT OF INSURANCE SHOWN ABOVE. THIS POLICY
MAY NOT FULLY PROTECT YOUR INTEREST IN THE PROPERTY LISTED. THIS POLICY DOES NOT PROVIDE PERSONAL PROPERTY COVERAGE OR
LIABILITY COVERAGE, UNLESS INDICATED ABOVE. PLEASE REFER TO THE ATTACHED FORM(S) FOR A FULL DESCRIPTION OF THE TERMS AND
LIMITATIONS OF THIS COVERAGE.

**Personal Property and Personal Liability Coverages** - We will cover your personal property, additional living expense or
Personal Liability under this policy ONLY if an "Amount of Insurance" or "Limit of Liability" and a premium are shown above.
Coverage will be provided according to the terms and conditions of the endorsements attached to this policy. If no "Amount of
Insurance" or "Limit of Liability" is shown and no premium is shown no coverage will be provided for Personal Property,
Additional Living Expense or Personal Liability. These endorsements are available only for a residence that is owner occupied.
These coverages are void if the residence is vacant or occupied by someone other than the Additional Named Insured
shown above at the time of loss.

For Customer Service questions, please call our toll free Customer Service Number at: 1-800-552-2961

To report a claim, please contact our Claim Department at 1-800-824-8562 or, you may report a new claim using
our website at www.sterlingnationalcorp.com

RP1102 0109

Page 1 of 2

Wells Fargo Home Mortgage #708
P.O. Box 23030, Jacksonville, FL 32241-3030
800-552-2961

WELLS FARGO | HOME MORTGAGE

0000000 04 MB 1 206  **4410   T3 0 0308 29153 075(0) C2  1

VALLIRA D JOHNSON
105 BUCKINGHAM BLVD
SUMTER SC 29153-8754

WMMCSH01  04/05/10

20100408-00008358

**STERLING**
N A T I O N A L

Sterling National Insurance Agency, Inc.
Claims Department
210 Interstate North Parkway,
Suite 400
Atlanta, GA  30339-5017

CA License #0679245
Tel: 800.824-8562
Fax: 770.303.2723
www.sterlingnationalcorp.com

May 24, 2010


Kolb & Murphy
Attorneys at Law, LLC
  Attn: Wade S. Kolb, Jr.
107 North Main Street
Sumter, SC 29150


RE:    Claim No.:          2010002369
       Date of Loss:       March 25, 2010
       Type of Loss:       Fire
       Policy #:           LRE780038525
       Loan #:             000000212293336
       Location of Loss:   606 608 Brockington,Sumter, SC  29150
       Your Clients:       Vallira D. Johnson
                           Isaac Johnson


             **Via certified mail and regular USPS**
             **Receipt:  7009 2820 0001 1482 2727**


Dear Mr. Kolb:

Your letters of April 23, 2010 and February 16, 2010 have been sent to my attention.  Your two letters raise multiple issues concerning the placement of the insurance policy and the fire loss of March 25, 2010.

In your letter of February 16, 2010, you question the legality of the lender placed insurance on the risk located at 606-608 Brockington, Sumter, SC.  You state that the placement of the policy is in violation of the laws of South Carolina.  If you have case law to support your position, please send your documentation to our attention.

Wells Fargo placed the insurance with QBE Insurance Corporation after failing to receive confirmation that your clients had a valid policy of insurance on the subject property.  Your clients were given notification of the placement of the insurance policy by notice dated April 8, 2010.  Your clients were also given the opportunity to provide proof that they still carried the required policy of insurance on the property.

Your letter of April 23, 2010 demands the payment of $275,000.  As our investigation is ongoing, your demand cannot be honored at this time.  Your demand of $275,000.00 is interesting in light of

your February 16, 2010 letter in which you state the value of the building is "no more than $10,000.00" and you place the value of the land at an additional $20,000.

During the initial investigation into this fire loss, we learned that Mr. Johnson had been arrested on March 25, 2009 and charged with arson for the fire at 606-608 Brockington.   The Sumter County Third Judicial Circuit Court lists multiple cases dealing with this arrest.  Please provide us with a status on cases M000714, M00715, M000784, and M000785.   This request also includes the public court records dealing with these cases.

In your letter about the lender placed coverage, you mentioned that the 2009 fire loss was handled by Travelers Insurance.    To aid in our understanding of the fire damage from both fires, please provide a copy of any and all information and documentation provided to you and/or your clients relating to the fire and their insurance policy with Travelers Insurance.

Under policy form RP 1200 0109, starting on page one (1), the policy states the following as to coverage:

## COVERAGES

This insurance applies to the Described Location, Coverages for which an Amount of Insurance is shown and Perils Insured Against for which a Premium is stated.

### COVERAGE A – Dwelling

We cover:

1. the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes not to exceed four (4) living units, including, but not limited to, individually owned townhouses or permanently situated mobile homes;

2. structures attached to the dwelling;

3. materials and supplies located on or next to the Described Location used to construct, alter or repair the dwelling or other structures on the Described Location; and

4. if not otherwise covered in this policy, building equipment, and outdoor equipment used for the service of and located on the Described Location.

This coverage does not apply to land, including land on which the dwelling is located.

***

As your client's building may require temporary repairs and/or involve debris removal, policy form RP1201 0109 addresses those elements of damage starting on page one (1) of the policy.  In part, the policy states the following:

## OTHER STRUCTURES

1. **Other Structures.**  You may use up to 10% of the Coverage A amount of insurance for loss by a Peril Insured Against to other structures described in Coverage B.  Use of this coverage does not reduce the Coverage A amount of insurance for the same loss.

2. **Debris Removal.**  We will pay your reasonable expense for the removal of:

   a. debris of covered property if a Peril Insured Against causes the loss; or

   b. ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

Debris removal expense is included in the amount of insurance applying to Coverage A.

3. **Reasonable Repairs**. In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against.

This coverage does not increase the amount of insurance that applies to the covered property. Reasonable Repairs are included in the amount of insurance applying to Coverage A.

***

The perils insured against can be found starting on page two (2) of policy form RP1201 0109. In part, the policy states the following:

**PERILS INSURED AGAINST**

**COVERAGE A - DWELLING**
**COVERAGE B - OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:

1. involving collapse, other than as provided in Other Coverages 4.;

2. caused by:
   a. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion applies only while the dwelling is being constructed;
   b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:
      (1) fence, pavement, patio or swimming pool;
      (2) foundation, retaining wall or bulkhead; or
      (3) pier, wharf or dock;
   c. theft of property not part of a covered building or structure;
   d. theft in or to a dwelling or structure under construction;
   e. wind, hail, ice, snow or sleet to outdoor radio or television antennas and aerials including lead-in wiring, masts or towers;
   f. constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance;
   g. (1) wear and tear, marring, deterioration;
      (2) inherent vice, latent defect, mechanical breakdown;
      (3) smog, rust or other corrosion, mold, wet or dry rot;
      (4) smoke from agricultural smudging or industrial operations;
      (5) discharge, dispersal, seepage, migration, release or escape of pollutants; Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;
      (6) settling, shrinking, bulging or expansion, including resultant cracking, or pavements, patios, foundations, walls, floors, roofs or ceilings; or
      (7) birds, vermin, rodents, insects or domestic animals.

If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, we cover loss by the water including the cost of tearing out and replacing any part of a building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which this water escaped.

3. excluded under General Exclusions.

***

The exclusions can be found starting on page three (3) of policy form RP1201 0109. In part, the policy excludes the following:

## GENERAL EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    a. **Ordinance or Law,** meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

    b. **Earth Movement,** meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking; rising or shifting; unless direct loss by:
        (1) fire;
        (2) explosion; or
        (3) breakage of glass or safety glazing material which is part of a building, storm door or storm window; ensues and then we will pay only for the ensuing loss.

    c. **Water Damage,** meaning:
        (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
        (2) water which backs up through sewers or drains or which overflows from a sump; or
        (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

    Direct loss by fire or explosion resulting from water damage is covered.

    d. **Power Failure,** meaning the failure of power or other utility service if the failure takes place off the Described Location. But, if a Peril Insured Against ensues on the Described Location, we will pay only for that ensuing loss.

    e. **Neglect,** meaning your neglect to use all reasonable means to save and preserve property at and after the time of a loss...

    h. **Intentional Loss,** meaning any loss arising out of any act committed:
        (1) by or at the direction of you or any person or organization named as an additional insured; and
        (2) with the intent to cause a loss.

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

    a. **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;

    b. **Acts or decisions,** including the failure to act or decide, of any person, group, organization or governmental body;

    c. **Faulty, inadequate or defective:**
        **(1)** planning, zoning, development, surveying, siting;
        **(2)** design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        **(3)** materials used in repair, construction, renovation or remodeling; or
        **(4)** maintenance;

      of part or all of any property whether on or off the Described Location.

3.   We do not insure trees, shrubs or other plants for losses of any kind.

***

The policy of insurance lists Conditions and Duties starting on page 3 of policy form RP 1201 0109. In part, the policy states the following:

**CONDITIONS**

1. **Policy Period.** This policy applies only to loss which occurs during the policy period.

2. **Insurable Interest and Amount of insurance.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
    a. for an amount greater than the interest of a person insured under this policy; or
    b. for more than the applicable amount of insurance.

If the Described Property is vacant and the mortgage on the property has been declared in default by the mortgagee at the time of a loss, we shall be liable for no more than the Mortgagee's interest in the property at the time of loss.

The mortgagee's interest is represented by the mortgagor's unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the mortgagor's unpaid balance after the inception date of this policy.

3. **Concealment or Fraud.** *(This provision is modified by endorsement RP1539 0109 as follows)* With respect to all persons insured under this policy, we provide no coverage for loss if, whether before or after a loss, one or more persons insured under this policy have:

    a. Intentionally concealed or misrepresented any material fact or circumstance;
    b. Engaged in fraudulent conduct; or
    c. Made false statements;

    relating to this insurance.

4. **Your Duties After Loss.** In case of a loss to your covered property, you must see that the following are done:
    a. give prompt notice to us or our agent;
    b. **(1)** protect the property from further damage;
        **(2)** make reasonable and necessary repairs to protect the property; and
        **(3)** keep an accurate record of repair expenses;
    c. as often as we reasonably require:
        **(1)** show the damaged property;
        **(2)** provide us with records and documents we request and permit us to Make copies; and
        **(3)** submit to examination under oath, while not in the presence of any other named insured, and sign the same;
    d. send to us, within 60 days after our request, your signed, sworn proof of loss

which sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) your interest and that of all others in the property involved and all liens on the property;

(3) other insurance which may cover the loss;

(4) changes in title or occupancy of the property during the term of the policy;

(5) specifications of damaged buildings and detailed repair estimates;

5. **Loss Settlement.** Covered property losses are settled as follows:

a. (1) Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and

(2) Structures that are not buildings;

at actual cash value at the time of loss but not more than the amount required to repair or replace.

b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:

(1) We will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:

(a) the amount of insurance under this policy that applies to the building;

(b) the replacement cost of that part of the building damaged for like construction and use on the same premises; or

(c) the necessary amount actually spent to repair or replace the damaged building.

(2) We will pay no more than the actual cash value of the damage unless:

(a) actual repair or replacement is complete; or

(b) the cost to repair or replace the damage is both:

(i) less than 5% of the amount of insurance in this policy on the building; and

(ii) less than $2,500.

(3) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability on a replacement cost basis.

6. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:

a. Pay its own appraiser; and

b. bear the other expenses of the appraisal and umpire equally.

8. **Other Insurance.** This policy prohibits other insurance. In the event that the Additional Named Insured (mortgagor) has voluntary insurance with an effective date

on or before the effective date of any coverage issued under this policy, this policy will be cancelled on its effective date and all premiums will be refunded. In the event that the Additional Named Insured (mortgagor) obtains insurance during the term of any coverage issued under this policy, this policy will be cancelled as of the effective date of such coverage and the premium will be refunded on a pro rata basis.

9. **Subrogation**. You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us. If any assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

10. **Suit Against Us**. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

11. **Our Option**. If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

12. **Loss Payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
    **a.** reach an agreement with you;
    **b.** there is an entry of a final judgment; or
    **c.** there is a filing of an appraisal award with us.

No coverage will be available to any mortgagee other than that shown as the Named Insured Mortgagee on the Declarations page of this policy.

13. **Abandonment of Property.** We need not accept any property abandoned by you.

14. **No Benefit to Bailee**. We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

15. **Cancellation.**
    **a.** The intent of this policy is to provide coverage for the Named Insured Mortgagee if the Additional Named Insured (mortgagor) fails to provide insurance which meets the requirements of the Named Insured Mortgagee. If the Named Insured Mortgagee no longer has an interest in the mortgaged property, this policy may be cancelled as of the effective date that the Named Insured Mortgagee no longer has an interest or at the election of the Named Insured Mortgagee this policy may remain in force until the expiration date shown on the individual certificate or policy of insurance. If the Additional Named Insured (mortgagor) provides evidence of insurance or if it is determined that the property insured by this policy is insured by "other insurance", this policy will be cancelled as of the effective date of the other insurance and all unearned premium will be refunded. If Additional Named Insured (mortgagor) provides evidence of insurance that meets the requirements of the Named Insured Mortgagee, this policy will be cancelled as of the effective date of the policy provided by the Additional Named Insured (mortgagor) and all unearned premium will be refunded on a pro rata basis.
    **b.** This policy may be cancelled by the Named Insured Mortgagee by returning the policy to us or notifying us in writing the date cancellation is to become effective.
    **c.** *(changed by endorsement RP 1539 0109 as follows)* We may cancel this policy only for the reasons stated below by written notification to you and , if any, your insurance agent of the date cancellation takes effect.  This cancellation notice, stating the precise reason for cancellation,  may be delivered or mailed to you

and your agent at your mailing address shown in the Additional Named Insured Endorsement or the last known address.

Proof of mailing will be sufficient proof of notice.

(1) When you have not paid the premium, we may cancel at any time by letting you and your agent know at least 10 days before the date cancellation take effect.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you and your agent know at least 30 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more or at any time if it is a renewal with us, we may cancel:

   (a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy, or

   (b) If the risk has changed substantially since the policy was issued, except to the extent that we should reasonably have foreseen the change or contemplated the risk in writing the policy;

   (c) In the event of a substantial breach of contractual duty, condition or warranty; or

   (d) If we lose our reinsurance covering all or a significant portion of this policy, or where continuation of the policy would imperil our solvency or place in violation of the insurance laws of this state. Cancellation for these reasons is subject to the approval by the Insurance Commissioner

This can be done by letting you and your agent know at least 30 days before the date cancellation takes effect.

d. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

e. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

**18. Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**19. Assignment.** Assignment of this policy will not be valid unless we give our written consent.

***

Sterling National Insurance Agency, Inc. as Program Managers for QBE Insurance Corporation is prepared to investigate this loss under a Reservation of Rights basis. Our continued investigation, discussion with interested parties, requests for information, is with the understanding that all policy terms and conditions remain in full force and effect.

While portions of the policy have been quoted in this letter, this letter should not be viewed as raising all coverage issues. All policy terms and conditions remain in full force. Sterling National Insurance Agency, Inc. as Program Managers for QBE Insurance reserves all rights under the policy and at law. Sterling National Insurance Agency, Inc. as Program Managers for QBE Insurance also reserves the right to supplement this Reservation of Right letter. Your clients are not waiving any of their rights under this policy of insurance.

The Reservation of Rights is being issued because of the 2009 arrest of Mr. Johnson involving arson at the same loss location and for the delayed reporting of the fire loss.   The policy of insurance requires that all claims be promptly reported to us.   The delay in reporting the loss may have prejudiced our ability to properly investigate this claim.

You can reach me at (304) 542-4655 if you wish to discuss this matter in greater detail.

Sincerely,

Jeffrey Hayes
Senior Claims Representative
Sterling National Insurance Agency, Inc.,
Program Managers for QBE Insurance Corporation