UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60721-CIV-MORENO/OTAZO-REYES

IRA MARC FLADELL, *et al.*,
on behalf of themselves and all
others similarly situated,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.
_____/

**DECLARATION OF FRANK G. BURT**

I, Frank G. Burt, declare as follows:

1. I am an attorney with Carlton Fields Jorden Burt P.A., representing defendants Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company and Standard Guaranty Insurance Company in the above-captioned action.

2. I make this declaration pursuant to the provisions of 28 U.S.C. § 1746. I am over 21 years of age and competent to testify to the statements set forth herein. The statements set forth in this declaration are based upon my personal knowledge.

3. I submit this declaration in support of Defendants' Joint Response in Opposition to Objections to the Class Action Settlement.

4. On August 18, 2014, Santiago Cueto of Cueto Law Group filed the Objection of Amarili Jabrani and Janet Jabrani ("Jabrani Objection"), ECF No. 190. Over 60% of the Jabrani Objection's argument section, which spanned approximately 14 of the Objection's 23 pages, appeared to be copied essentially verbatim from two objections written by another unaffiliated lawyer (Adam Schulman) and filed in unrelated class action settlements, *Gascho v. Global Fitness Holdings, LLC*, No. 11-436-CIV (S.D. Ohio filed Dec. 27, 2013) (*Gascho* ECF No. 122) ("*Gascho* Objection") and *Richardson v. L'Oreal USA, Inc.*, No. 13-508-CIV (D.D.C. filed Sept. 11, 2013) (*Richardson* ECF No. 19) ("*Richardson* Objection").

5. Attached as Exhibit A is a true and correct marked-up copy of the Jabrani Objection. The text in Exhibit A highlighted yellow represents the portions that appear to be

copied from the *Gascho* Objection. The text in Exhibit A highlighted pink represents the portions of the brief that appear to be copied from the *Richardson* Objection. The text in Exhibit A highlighted blue represents the portions that appear in both the *Gascho* Objection and the *Richardson* Objection.

6. On September 3, 2014, Santiago Cueto filed a "corrected" Objection of Amarili Jabrani and Janet Jabrani ("Corrected Jabrani Objection"), ECF. No. 222, which removed 5 pages of text from the Jabrani Objection to make the brief compliant with the page requirements of Local Rule 7.1(c)(2). Attached hereto as Exhibit B is a true and correct marked-up copy of the Corrected Jabrani Objection. The text in Exhibit B highlighted yellow represents the portions that appear to be copied from the *Gascho* Objection. The text in Exhibit B highlighted pink represents the portions of the brief that appear to be copied from the *Richardson* Objection. The text in Exhibit B highlighted blue represents portions that appear in both the *Gascho* Objection and the *Richardson* Objection.

7. Attached hereto as Exhibit C is a true and correct marked-up copy of the *Gascho* Objection. The text highlighted yellow represents the portions of the brief that appear to have been copied into the Corrected Jabrani Objection.

8. Attached hereto as Exhibit D is a true and correct marked-up copy of the *Richardson* Objection. The text highlighted pink represents the portions of the brief that appear to have been copied into the Corrected Jabrani Objection.

9. Like the original Jabrani Objection, the highlighted copied portions of the Corrected Jabrani Objection comprise over half of the Corrected Jabrani Objection's argument section, which spans approximately 10½ pages of the 18 pages of argument.

10. Counsel's essentially verbatim copying includes anachronistic vestiges of the copied briefs that have no relation to the current proposed class settlement or his clients' objections to this settlement. For instance, although both the Jabrani Objection and the Corrected Jabrani Objection reference a "Lowe Declaration," no such declaration was filed in the instant action. *See* Exhibit A at n.9; Exhibit B at n.4.

11. Patrick Sweeney, counsel of record for objector James Kirby, has filed objections to and appeals of numerous other class action settlements, which are routinely overruled, dismissed, abandoned, or withdrawn without achieving any additional benefits for the settlement classes at issue. For example:

- *In re Checking Account Overdraft Litigation*, No. 09-2036-CIV (S.D. Fla.); *Checking Account* ECF No. 2150 at 3 (granting final approval of the proposed settlement, and overruling all objections, stating that the "Court denies the objections and rejects the arguments of Objectors in all respects, and finds that they are both completely unsupported in the record (no Objector having submitted a single affidavit to provide facts or expert opinions supporting their positions) and unpersuasive as to the substance of their complaints."); *Checking Account* ECF Nos. 3075, 3082, 3514, 3727 (withdrawing objections); *Checking Account* ECF Nos. 2251 (appealing final approval); *Checking Account* ECF No. 2779 (voluntarily dismissing appeal with prejudice).

- *In re Lawnmower Engine Horsepower Marketing and Sales Practices Litigation*, MDL No. 1999 (E.D. Wis.); *Lawnmower Engine* ECF Nos. 380-385 (approving class action settlements); *Lawnmower Engine* ECF No. 386 (objector's appeal; Patrick Sweeney no longer listed as counsel).

- *Arthur v. SLM Corp.*, No. 10-198-CIV (W.D. Wash); *Arthur* ECF No. 67 (Patrick Sweeny objecting to class settlement as class member); *Arthur* ECF No. 266 at 3 (granting final approval of settlement and overruling objections, including those of Patrick Sweeney, as "meritless").

- *Kardonick v. JP Morgan Chase & Co.*, No. 10-23235-CIV (S.D. Fla.); *Kardonick* ECF No. 384 ¶ 12 (granting final approval of class settlement and overruling all objections); *Kardonick* ECF No. 389 (appealing final approval); *Kardonick* ECF No. 450 (voluntarily dismissing appeal with prejudice).

- *Larsen v. Trader Joe's Co.*, No. 11-5188-CIV, 2014 WL 3404531, at *5 & *7 n.4 (N.D. Cal. July 11, 2014) (stating that "Patrick Sweeney also has a long history of representing objectors in class action proceedings" and branding him a "professional objector").

12. N. Albert Bacharach, Jr., counsel of record for objector Jennifer Deachin n/k/a Jennifer Hinjosa, has filed objections to and appeals of numerous other class action settlements, which are routinely overruled, dismissed, abandoned, or withdrawn without achieving any additional benefits for the settlement classes at issue. For example:

- *CLRB Hanson Industries, LLC v. Weiss & Associates, PC*, 465 F. App'x 617 (9th Cir. 2012) (affirming class settlement over Mr. Bacharach's client's appeal).

- *In re Insurance Brokerage Antitrust Litigation*, 579 F.3d 241 (3d Cir. 2009) (affirming class settlement over Mr. Bacharach's client's appeal).

- *Dikeman v. Progressive Express Insurance Co.*, 312 F. App'x 168 (11th Cir. 2008) (affirming class settlement over Mr. Bacharach's client's appeal).

- *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1 (2d Cir. 2012) (affirming class settlement over Mr. Bacharach's client's appeal).

- *In re Warfarin Sodium Antitrust Litigation*, 212 F.R.D. 231 (D. Del. 2002) (approving class settlement and overruling objections), *aff'd*, 391 F.3d 516 (3d Cir. 2004) (affirming class settlement over Mr. Bacharach's client's appeal).

- *Meyenburg v. Exxon Mobil Corp.*, No. 05-15-CIV, 2006 WL 5062697 (S.D. Ill. June 5, 2006); *Meyenburg* ECF No. 48 (granting motion for final approval of class action settlement and overruling objections); *Meyenburg* ECF No. 49 (appealing final approval); *Meyenburg* ECF No. 59 (dismissing the appeal voluntarily).

- *Azizian v. Federated Department Stores, Inc.*, No. 03-335-CIV, 2007 WL 425850, at *2 (N.D. Cal. Feb. 8, 2007) (overruling objections as both untimely and meritless); *Azizian*

ECF No. 693 (denying objector's request for attorney's fees because the objectors did not make a "threshold showing that their involvement in these proceedings resulted in substantial enhancement in the settlement or other similar benefit").

- *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 297 F. Supp. 2d 503 (E.D.N.Y. 2003); *Wal-Mart* ECF No. 959 (approving class action settlement over objections); *Wal-Mart* ECF No. 1051 at 20-21 (denying in its entirety the fee request submitted by Mr. Bacharach and his colleagues because counsel failed to submit any time records, the amount sought "would constitute a windfall" and "the contribution of these attorneys was so insignificant that it would not merit an award of fees even if counsel had submitted their time detail. . . . This is a litigation, not a winning lottery ticket"); *Wal-Mart* ECF No. 1110 (voluntarily dismissing appeal with prejudice).

I declare under the penalty of perjury that the foregoing is true and correct. Executed on September 5, 2014.

_____
Frank G. Burt

36265381.3