UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:13-cv-60721 – MORENO/GARBER

IRA MARC FLADELL, SARAH CROUCH,
GREG OLSON, MARGARET
ZAWISTOWSKI, TILENA ALI, DANNY
LANE and BEVERLY LANE on behalf of
themselves and all others similarly
situated,
        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; ASSURANT, INC.;
AMERICAN SECURITY INSURANCE
COMPANY; VOYAGER INDEMNITY
INSURANCE COMPANY, STANDARD
GUARANTY ISNURANCE CO.; QBE SPECIALTY
INSURANCE COMPANY; QBE INSURANCE
CORPORATION; QBE FIRST INSURANCE
AGENCY, INC.; QBE FINANCIAL INSTITUTION
RISK SERVICES, INC.; and
PRAETORIAN INSURANCE COMPANY,
        Defendants.
_____/

## OBJECTOR JEFFREY M. NADEAU'S RESPONSE TO
## <u>NOTICE ON PROPOSED SETTLEMENT</u>

    Objector Jeffrey M. Nadeau files this response pursuant to this Court's October 1, 2014 Notice suggesting a *cy pres* fund and/or a contribution of some portion of class counsel's fee request to the class, and calling for comments.  No payment to *cy pres* should be made unless all identified eligible class members have been made whole, and further distribution to the class is unfeasible.  Class counsel should receive as fees no more than 25% of the total amount paid to class members and/or appropriate *cy pres* recipients.

The Settling Parties represent that this settlement has a value of $281 million dollars in monetary relief to the class.  Based on that valuation, Class Counsel seek an attorneys' fee of $19 million dollars.  The problem with the settlement is that there is no guaranteed minimum payout, this Court has no knowledge of the claims rate, and the attorneys' fee is not connected to any actual recovery by the class.

In common fund cases, the typical fee awarded is between 20% and 30% of the fund. *Camden I Condo. Ass'n. Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991).  Using 25% as a benchmark, this settlement would be fair and a $19 million dollar attorneys' fee warranted if the Class receives an actual distribution of at least $76 million dollars.  In the absence of the parties' submission of claims data, the Court could require a minimum payout of $76 million dollars to the class to render the settlement fair, and make the fee reasonable in relation to the amount paid to the class.

*Cy pres* should only come into play if it is not possible to put funds to their very best use: "benefitting the class members directly." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011).  However, if additional distribution to the class is not possible for practical reasons, a *cy pres* distribution is superior to the current settlement, which does not guarantee any minimum value.  If it is not possible to directly compensate more class members, the settlement could still be found reasonable, fair and adequate, and a $19 million dollars fee award could be warranted, if the guaranteed minimum payment to the class, including a cash *cy pres* contribution, is at least $76 million dollars.

If the Settling Parties refuse to make a minimum payout, then the Court's only alternative is to set the attorneys' fee equals to 25% of the amount actually distributed to the class, plus whatever cy pres cash donation is made by the defendants.  *See Redman v. RadioShack*, 2014

U.S. App. LEXIS 18181 (7th Cir. Sept. 19, 2014) at *22 (if parties will not increase amount of settlement paid to class, court's only option is to reduce fee award to reasonable amount of settlement's value to class).  For example, if the class actually receives $10 million dollars in paid claims and the defendants add a $10 million dollar cash cy pres contribution, the appropriate attorneys' fee should be $5 million dollars.

The Settling Parties may contend that this Court's Notice ignores the injunctive relief.  The Expert Report of Professor Adam J. Levitin, which was filed in this Court in the sister case, *Diaz v. HSBC Bank USA, N.A., et.al*. No. 1:13-cv-21104-FAM (S.D. Fla), demonstrates that the settlement's prospective relief is already covered by existing regulations, in particular Regulation X, and that the injunctive relief does not have value to the class.  (Doc. 165-1).  For the same reasons set forth in that declaration, the prospective relief in the Wells Fargo settlement does not provide value to this class.

Further, a class composed of people who have done business with defendants in the past is not served by prospective injunctive relief that can only benefit those who do business with defendants in the future. See *Felix v. Northstar Location Servs.*, 290 F.R.D. 397, 408 (W.D.N.Y. 2013) (prospective injunctive relief promise of no value to class members who only dealt with defendant in past transaction).  See *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006) (fairness of the settlement must be evaluated primarily based on how it compensates class members for these past injuries).

In a previous settlement, this Court noted that, at least in theory, the rules propounded by outside regulators could be reversed tomorrow,  *Saccaccio v. J.P. Moran Chase Bank, N.A.*, 297 F.R.D. 683, 698 (S.D. Fla. 2014), but there is no evidence to support the contention that any reversal is being contemplated.  In that same vein, however, the Defendants "shall not be liable

for engaging in any practice or failing to engage in any practice during the 5 year period for a prospective prohibitory relief where such conduct was authorized by state or federal statute, regulation, rule, order or regulatory directive or by any investor rule or equipment." (4.5 Settlement Agreement)

Thus, if it is legal, the defendants can do it despite the injunctive relief set forth in the settlement. The injunctive relief provides no value to the class.

## CONCLUSION

The settlement should either provide a minimum payout or a reduction in the attorneys' fee award which corresponds to the actual distribution to the class.

Respectfully submitted,
Jeffrey M. Nadeau,

*/s/ Brian M. Silverio*
Brian M. Silverio
FL Bar #0183301
Silverio & Hall, P.A.
150 West Flagler Street
Penthouse – 2850
Miami, Florida  33130
(305) 371-2756
(305) 372-2744 (Fax)
bsilverio@silveriohall.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on October 21, 2014 and was filed with the Clerk of Court using CM/ECF, and that as a result a copy of this filing has been served upon every counsel of record.

*/s/ Brian M. Silverio*