UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:13-cv-60721-FAM

IRA MARC FLADELL, SARAH CROUCH,
GREG OLSON, MARGARET
ZAWISTOWSKI, TILENA ALI, DANNY
LANE and BEVERLY LANE on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; ASSURANT, INC.;
AMERICAN SECURITY INSURANCE
COMPANY; VOYAGER INDEMNITY
INSURANCE COMPANY, STANDARD
GUARANTY INSURANCE CO.; QBE SPECIALTY
INSURANCE COMPANY; QBE INSURANCE
CORPORATION; QBE FIRST INSURANCE
AGENCY, INC.; QBE FINANCIAL INSTITUTION
RISK SERVICES, INC.; and
PRAETORIAN INSURANCE COMPANY

        Defendants.

_____/

## FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement, and the Court having entered an Order Granting Final Approval To Class Action Settlement, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

        a.    "Named Plaintiffs" means Ira Marc Fladell, Sarah Crouch, Greg Olson, Margaret Zawistowski, Tilena Ali, and Danny and Beverly Lane.

1

    b.  "Settlement Class Members" are members of the "Settlement Class" or "Class," which consists of the following:

  (i) All borrowers in the United States who, within the Class Period, were charged by the Wells Fargo Defendants under a hazard, flood, flood gap or wind-only Lender-Placed Insurance Policy for residential property, and who, within the Class Period, either (1) paid to the Wells Fargo Defendants the Net Premium for that Lender-Placed Insurance Policy or (2) did not pay to and still owe the Wells Fargo Defendants the Net Premium for that Lender-Placed Insurance Policy.

  (ii) The "Class Period" commences on the dates indicated below, based on the state in which the property is located, and continues through and including [the date of the Preliminary Approval Order preliminarily approving the settlement]:

1. California: October 7, 2007.
2. Florida: September 2, 2006.
3. Illinois: July 5, 2002.
4. Indiana: June 15, 2002.
5. Louisiana: February 19, 2003.
6. New Jersey: April 2, 2007.
7. New York: July 5, 2006.
8. Ohio: August 8, 1998.
9. Pennsylvania: April 7, 2005.
10. Texas: October 7, 2007.
11. All other states: January 1, 2008.

  (iii) Excluded from the Class are: (1) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (2) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (3) borrowers whose Lender-Placed Insurance Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; (4) borrowers who are members of the settlement classes in *Williams v. Wells Fargo Bank* (S.D. Fla. Case No. 1:11-CV-21233-RNS) and *Guerrero v. Wells Fargo Bank* (N.D. Cal. Case No. 12-cv-4026 WHA); and, (5) all borrowers who file a timely and proper request to be excluded from the Class.

    c.  The "Wells Fargo Defendants" are Wells Fargo Bank, N.A., its predecessors and successors, and all of their affiliates, including Wells Fargo Insurance, Inc., Wells Fargo Home Mortgage, which was formerly an affiliate and is now a division of Wells Fargo Bank, Wachovia Bank, Wachovia Mortgage and Wachovia Insurance Services, Inc.

   d. "Lender-Placed Insurance Policy" means a residential hazard, flood, flood gap, and/or wind insurance policy placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by the Wells Fargo Defendants to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

   e. "Net Premium" means the amount of premium charged to a Settlement Class Member for a Lender-Placed Insurance Policy during the Class Period less any refund paid or credited to the Settlement Class Member.

   2. Named Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

   a. "Released Claims" of Named Plaintiffs are any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind

3

whatsoever that each Named Plaintiff may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source.

    b. "Released Claims" of Settlement Class Members are any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in this action or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants during the Class Period.

    c. The Released Claims of both the Named Plaintiffs and the Settlement Class Member shall include, but not be limited to, all claims related to charges for the Wells Fargo Defendants' placement of Lender-Placed Insurance Policies; Wells Fargo's insurance requirements; any reinsurance agreements involving the Wells Fargo Defendants concerning or relating to Lender-Placed Insurance Policies; the relationship, whether contractual or otherwise, between the Wells Fargo Defendants and any other Released Person, regarding Lender-Placed Insurance, including, but not limited to, the procuring, underwriting, placement,

insurance tracking, or costs of Lender-Placed Insurance Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants; any alleged "tying" arrangement involving the Wells Fargo Defendants and Lender-Placed Insurance; any alleged breach of fiduciary duty by the Wells Fargo Defendants concerning Lender-Placed Insurance Policies; any alleged tortious interference by a Released Person with mortgage contracts serviced by the Wells Fargo Defendants to the extent related to Lender-Placed Insurance; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants; the receipt or non-disclosure of any benefit under any Lender-Placed Insurance Policies placed or charged by the Wells Fargo Defendants; the content, manner, or accuracy of any communications regarding the placement of any insurance policy by the Wells Fargo Defendants; and the regulatory approval or non-approval of any insurance policy, or the premium thereon, placed or charged by the Wells Fargo Defendants.

        d.     "Released Persons" are (a) the Wells Fargo Defendants, Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company, Standard Guaranty Insurance Company, QBE Specialty Insurance Company, QBE Insurance Corporation, QBE FIRST Insurance Agency, Inc., QBE Financial Institution Risk Services, Inc., and Praetorian Insurance Company, and each of their respective past or present and direct or indirect divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), and all of the officers, directors,

employees, agents, brokers, distributors, representatives, and attorneys of all such entities; and (b) any other insurance carriers that issued or may have issued hazard, flood, flood gap, and/or wind lender-placed insurance to any Settlement Class Member for the Wells Fargo Defendants and/or for any of the Wells Fargo Defendants' past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4. Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

5. This case is CLOSED.

DONE and ORDERED in Chambers in Miami, Florida, this 29th day of October, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE