UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:13-cv-60721-MORENO/OTAZO-REYES

**IRA MARC FLADELL, SARAH CROUCH,
and GREG OLSON, on behalf of themselves and
all others similarly situated,
Plaintiffs,
v.**

**WELLS FARGO BANK, N.A.; WELLS
FARGO INSURANCE, INC.; ASSURANT, Inc.;
and AMERICAN SECURITY INSURANCE
COMPANY;
Defendants.**
_____/

## MOVANTS JEFFREY PEARSON AND VIRGINIA PEARSON'S MOTION SEEKING AN ORDER OVERRUILING THE SETTLEMENT ADMINISTRATOR'S PURPORTED INVALIDATION OF THEIR OPT-OUT REQUEST, OR ALTERATIVELY FOR LEAVE TO BELATEDLY OPT-OUT

Movants Jeffrey Pearson and Virginia Pearson, by and through undersigned counsel, hereby file this motion in an effort to resolve a dispute concerning the effectiveness of their prior request to opt-out of the Fladell settlement, or alternatively to render the issue moot by allowing Movants to opt-out on a belated basis now. Much like the motions relating to a nearly identical dispute involving William and Delia Hoffmeister (D.E 331, 332, 333, 335, 344), Wells Fargo contends that the settlement administrator's determination that Movants' written request for exclusion was "invalid" mandates that they dismiss their pending counter-claim in the state court litigation raising claims related to those before this Court in the *Fladell* matter. Like the Hoffmeisters, Movants contend that their timely opt-out request permits them to pursue their state court-claim, and any technical deficiency in their written request should not operate to deprive them of their substantive rights. Unlike the Hoffmeister matter however, Wells Fargo has not requested that the Court impose contempt sanctions upon Movants because counsel

conferred, Wells Fargo ultimately agreed to refrain from seeking contempt sanctions in order to allow Movants time to seek an adjudication from this Court concerning the opt-out issues raised herein.

## I. RELVANT BACKGROUD

In response to a foreclosure lawsuit filed by Wells Fargo in state court, Movants' filed an answer and affirmative defense containing a counter-claim raising a tortious interference claim similar to the one before the Court in this action. That pleading responds to Wells Fargo's Second Amended Mortgage Foreclosure Complaint.  Movant's counter-claim was served on May 15th, 2013.  A true and correct copy is attached hereto as Exhibit "A."

Wells Fargo filed a motion asking the state court to stay only the counter-claim pending the ultimate outcome in *Fladell*.[1] The state court chose instead to stay the entire action, entering an order to that effect on December 13th, 2013.   A true and correct copy of Wells Fargo's motion, and the state court's related order, are attached hereto as Exhibits "B" and "C" respectively.  Notably, all of this took place months before the Court entered its preliminary order approving the *Fladell* settlement on October 29th, 2014 (D.E. 259). This was almost a full year after the state court's attached stay order.

There does not appear to be any dispute that Movants submitted a timely opt-out request. In fact, Movants opt out request appears to be identified in the *Fladell* settlement administrator's declaration in this action.  (D.E. 182-2, p.52).  However, while their first names are correctly spelled, they are incorrectly referred to as "Person" in that declaration.  Strangely, the settlement administrator purported to invalidate their opt-out request for a reason described simply as "non-class member."  (D.E 182-2, p.52).  Although the settlement administrator never advised the

---

[1] Counsel for Wells Fargo in the state court action involving Movants also represents Wells Fargo in *Fladell.*

Pearsons that their opt-out request was "invalid", it likely would not have made any difference if it had. If the settlement administrator were correct that Movants are not members of the class, they would not be barred by the injunction in any event.

On October 14th, 2014, more than two months after the settlement administrator purportedly invalidated their opt-out request, Wells Fargo filed a motion in the state court representing that *"[t]he Pearson defendants in this case exercised their opt-out rights, meaning that they are no longer putative class members in Fladell. Thus, Fladell no longer has any bearing on this case."* (Emphasis added). A true and correct copy of Wells Fargo's motion is attached hereto as Exhibit "D." That motion was granted on or about February 3rd, 2015.

Recently however, Wells Fargo has changed its position, and demanded that the Pearsons dismiss their state court counterclaim on the grounds that it is barred by this Court's injunction in *Fladell*. The issue presented here is substantively the same as the one presented in connection a similar dispute now before this through various papers filed by William and Delia Hoffmeister, Wells Fargo, and Co-Defendant American Security Insurance Company. (D.E. 331, 332, 333, 344).

Simply put, the issue is whether any technical deficiency in the form of a class member's timely request for exclusion should operate to invalidate that request and leave a class member bound to the very class action settlement that they attempted to exclude themselves from.[2] Notably, the Pearsons were pursuing their state court counterclaim well before there was any settlement in this action. Without conceding that their opt-out request really was deficient, the Pearsons respectfully submit that Wells Fargo's contention that their opt out request was

---

[2] The Pearsons do not concede that their opt-out request contained any deficiency. The settlement administrator did not identify any, but instead appears to have erroneously determined that they were not members of the settlement class.

deficient elevates form over substance. Litigating the existence and effect of any asserted deficiency would unreasonably squander judicial resources.

## II. ANY POTENTIAL DEFICIENCY IN THE FORM OF THEIR OPT-OUT REQUEST IS NOT SUFFICIENT GROUNDS TO DEPRIVE THE PEARSONS OF THEIR SUBSTANTIVE RIGHTS

Movants are unable to find any authority that addresses the precise question of whether an asserted deficiency in a timely opt-out request renders that request insufficient and thereby binds a class member who attempted to opt-out to a class action settlement.  In any event, it is unclear exactly asserted deficiency is presented here.  The settlement administrator's declaration does not indicate that the opt-out request was deficient, merely that it was superfluous because Movants are not members of the class.  Nevertheless, Class member requests for leave of Court for a belated opt-out are evaluated under an excusable neglect standard. *See E.g. Grilli v. Metropolitan Life Ins. Co.*, 78 F.3d 1533, 1538 (11th Cir. 1996).   Thus, the mere fact that Movants' opt-out request might arguably have been lacking in some respect, does not compel the conclusion that they have forever lost their substantive rights.   Although they do not concede that their request was deficient, or even know the basis for Wells Fargo's apparent contention that it must somehow have been deficient, Movants submit that it simply should not matter.

In the bankruptcy context, the United States Supreme Court has held that the factors to be considered in evaluating excusable neglect are "[t]he danger of prejudice to the [adverse party] the length of the delay, its potential impact on judicial proceedings, and the reason for the delay. *Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. Partnership*,  507 U.S. 380, 395; 113 S.Ct. 1489, 1498 (1993).   Thus, even assuming arguendo that there was some neglect, and therefore some technical deficiency in their opt out request, these factors would clearly favor allowing Movants to belatedly opt out.

As to the first factor, there is absolutely no danger of any prejudice to Wells Fargo. Wells Fargo was aware at all material times that Movants intended to opt out.[3] Furthermore, as Wells Fargo's motion attached hereto as Exhibit "D" reflects, Wells Fargo believed that Movants had in fact opted out, and has even obtained relief from the state court on that basis.[4] Turning to the third factor, any deficiency in Movants opt-out request has not delayed any judicial proceedings. To the contrary, their opt-out request has expedited the state court foreclosure. Indeed, the *Fladell* litigation has not concluded and a number of related appeals are now pending. Thus, the state court litigation would likely still be stayed if Wells Fargo had not obtained an order lifting the stay based on the very opt-out that Wells Fargo now contends was never effective. The third and fourth factor do not apply. Movants efforts to opt-out were timely, and there was no delay. Furthermore, the basis of the asserted deficiency is unclear. All we know is that the settlement administrator did not believe that Movants were members of the class. Thus, it is far from clear why it declared their opt out "invalid" when it was at most superfluous,

Simply put, Movants timely acted to exclude themselves from the *Fladell* settlement and to continue to pursue the counter-claim they had filed before there was any such settlement. Wells Fargo attempted to pursue a strategy in state court whereby it could pursue its foreclosure

---

[3] It should be remembered that it was Wells Fargo, not Movants, that asked the state court to stay the foreclosure litigation. Wells Fargo may have assumed that Movants would not opt-out, but it is far from clear why Wells Fargo made that assumption.

[4] In the Hoffmeister matter, Wells Fargo and American Security Insurance Company assert that the undersigned should have known about the settlement administrator's purported invalidation of their opt out request, because the declaration was filed and served via CM/ECF, and the undersigned is an attorney of record in that action. The fallacy in this argument however is underscored by the fact that counsel for Wells Fargo in the state court litigation is also counsel of record in this action. Clearly, counsel for Wells Fargo was not aware of the purported invalidation of the opt-out request when he represented to the state court that Movants had effectively opted out, months after the settlement administrator's declaration was filed and served via CM/ECF.

claim, while using the *Fladell* litigation to obstruct the progress of the related counter-claim. The state court rightly rejected that strategy. It is undisputed that Movants timely communicated their intention to opt-out, and that Wells Fargo was aware of their plains the entire time.   The only basis for the settlement administrator's purported invalidation of their opt-out request is based on the illogical determination that Movants are not members of the class, and therefore not covered in any event.  Accordingly, Movants submit that the Court and the parties should not be forced to squander even more resources attempting to discover the reasons why the settlement administrator determined that Movants were not members of the *Fladell* class, and litigant the impact of that determination.  It simply shouldn't matter

## CONCLUSION

For the reasons described above,  Movants Jeffrey Pearson and Virginia Pearson respectfully request that this Honorable Court enter an order overruling the settlement administrator's invalidation of their opt out request, or alternatively permitting them to opt-out on a belated basis.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the Movant has made reasonable efforts to confer with all parties an non-parties who may be affected by the relief sought in the motion in a good faith effort resolve the issues but has been unable to resolve the issues.

Respectfully Submitted,

**THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.**

1999 N. University Drive. Ste. 213
Coral Springs, FL 33069
Phone: (954) 942-5270
Fax: (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
By: **/S/ JEFFREY N. GOLANT ESQ.**
Fla. Bar. No. 0707732
Counsel for Movants Jeffrey and Virginia

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed using CM/ECF and served upon all counsel of record using the CM/ECF system and served upon all counsel of record by Notice of Electronic filing generated by CM/ECF on June 5th, 2015.

**/S/ Jeffrey Golant**