UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 13-60721-CIV-MORENO/HUNT

IRA MARC FLADELL, et. al.

    Plaintiffs,
v.

WELLS FARGO BANK, N.A., WELLS FARGO
INSURANCE, INC., ASSURANT, INC., and
AMERICAN SECURITY INSURANCE COMPANY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Movants Jeffrey Pearson and Virginia Pearson's Motion Seeking an Order Overruling the Settlement Administrator's Purported Invalidation of their Opt-Out Request, or Alternatively for Leave to Belatedly Opt-Out, filed on June 5, 2015, ECF No. 354; and Defendants Assurant, Inc. and American Security Company's Motion for an Order to Show Cause Why Karen Hicks Should not be Held in Civil Contempt for Violating Final Judgment, filed on March 13, 2015, ECF No. 325.[1]  Additionally, on April 2, 2015, Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc. filed a Notice of Joinder in Assurant Defendants' Motion for Order to Show Cause Why Karen L. Hicks Should not be Held in Civil Contempt.  ECF No. 330.  The Honorable Federico Moreno referred these Motions to the undersigned for a Report and Recommendation.  ECF No. 342, 366; see also 28 U.S.C.A. § 636(b); S.D.

---

[1] On June 5, 2015, Karen Hicks filed a Request for Judicial Notice Regarding Defendants' Motion for Order to Show Cause Why Karen L. Hicks Should Not Be Held in Civil Contempt for Violating Final Judgment, to which no response in opposition was filed. ECF No. 353.  This request is hereby GRANTED.

Fla. L.R., Mag. R. 1. Based on the suggestion of counsel, the undersigned agreed that the most efficient manner to handle the referred motions was to first resolve the opt-out issues since the resolution of those issues could moot the remaining motions or significantly narrow any remaining issues. On July 17, 2015, the undersigned conducted a hearing on the opt-out issues. See ECF No. 373. The undersigned has carefully reviewed the Motions, the Responses and Replies thereto, the entire court file, oral argument of counsel, and the applicable law. Based thereon, it is respectfully recommended that Movants Jeffrey Pearson and Virginia Pearson's Motion Seeking an Order Overruling the Settlement Administrator's Purported Invalidation of their Opt-Out Request, or Alternatively for Leave to Belatedly Opt-Out, ECF No. 354, be DENIED IN PART AND GRANTED IN PART to the extent that the Pearsons should be permitted to file a belated opt-out request.

Additionally, the undersigned recommends that Karen Hicks be allowed to proceed with the pending state-court lawsuit since she is not a class member to this action, and/or that she be allowed to file a belated opt-out if related issues arise in that case. In accordance with this recommendation, the undersigned further recommends that Defendants' Motion for Order to Show Cause Why Karen Hicks Should not be Held in Civil Contempt for Violating Final Judgment, ECF No. 325, be DENIED AS MOOT.

## ANALYSIS

The Fladell class settlement was preliminarily approved on March 17, 2014, and with that approval came the class notice, the scheduling of deadlines for opting out, and the final approval hearing. A class member could opt out of the class and settlement by sending a written request for exclusion to the settlement administrator postmarked

before the final approval hearing on September 18, 2014.  To be valid, the request for exclusion had to identify the case name and number, identify the name and address of the settlement class member, be personally signed by the person requesting exclusion, and contain a statement that the class member was requesting exclusion from the Fladell action.  The Pearsons' opt-out request did not include their address.  This Court's instructions were clear in requiring a class member's address on the request.  Therefore, the undersigned finds that the Pearsons' timely request for exclusion from the class was facially defective.  See, e.g., Hallie v. Wells Fargo Bank, N.A., No. 2:12-cv-00235-PPS-APR, slip op. (N.D. Ind. Apr. 27, 2015) (failure to personally sign the opt-out request invalidated it).  The next question is whether they should be allowed to file a belated, corrected opt-out request based on excusable neglect.  The undersigned finds that the Pearsons should be permitted to do so based on the unique facts.[2]

There is no dispute that the Pearsons' opt-out request was timely, but the settlement administrator spelled their last names incorrectly and listed them as "Person" instead of "Pearson."  ECF No. 182 Attach. 2 at 52.  The settlement administrator invalidated their request as a "non-class member."  Two months after the settlement administrator invalidated the Pearsons' opt-out request, Wells Fargo filed a motion in state court representing as officers of the court that "the Pearson defendants in this case exercised their opt-out rights, meaning that they are no longer putative class

---

[2]  The Hallie case is distinguishable from the instant case because Hallie did not present any arguments "sounding in law, fact or fairness . . . to defeat dismissal" and the inferred "acquiescence operated as a waiver."  No. 2:12-cv-00235-PPS-APR, slip op. at 4 (N.D. Ind. Apr. 27, 2015).  Here, both parties have presented unique facts and arguments, including but not limited to Wells Fargo's proactive actions, which militate toward allowing the remedies recommended herein.

3

members in <u>Fladell</u>.  Thus, <u>Fladell</u> no longer has any bearing on this case." ECF No. 354 Attach. 4 at 1 ¶5.[3]

Class member requests for leave of court for a belated opt-out request are evaluated under an excusable-neglect standard.  <u>Grilli v. Metro. Life Ins. Co.</u>, 78 F.3d 1533, 1538 (11th Cir. 1996).  Courts follow a four-factor test when determining whether excusable neglect permits the filing of an opt-out notice after the passage of a deadline: (1) the reason for the delay; (2) the danger of prejudice; (3) the length of delay and its potential impact on the proceedings; and (4) whether the movant acted in good faith. <u>Walter v. Blue Cross & Blue Shield United of Wis.</u>, 181 F.3d 1198, 1201 (11th Cir. 1999) (quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993)).

As a general rule, clients are "held accountable for the acts and omissions of their attorneys."  <u>Pioneer</u>, 507 U.S. at 396.  But this case does not present a situation where movants' counsel simply failed to comply with clear notice requirements.  The undersigned finds this case distinguishable since the settlement administrator admits making an error in inputting the Pearsons' opt-out notice—erroneously indicating that the Pearsons were not class members—and because Wells Fargo made affirmative representations in the state-court action indicating that the Pearsons had exercised their opt-out rights and were no longer putative class members.  The undersigned, therefore, finds that (1) the reason for the delay in requesting this relief is understandable given the above; (2) there is no danger of prejudice since Wells Fargo has believed all along that the opt-out was valid or that the Pearsons were not class members; (3) there has

---

[3] Wells Fargo argues that it relied on the Pearsons' counsel's statement that they had validly opted out.  The undersigned finds this argument unavailing since Wells Fargo had an obligation to do its own due diligence before making representations to the court and asking for affirmative relief, which the court relied upon in granting relief.

4

been no impact on the proceedings either in this Court or in the state-court action; and (4) good faith has been shown.  The determination here is an equitable one, and the undersigned finds that equity weighs in favor of allowing the Pearsons to file a belated, corrected opt-out notice.  Valley Drug Co. v. Geneva Pharm., Inc., 262 F. App'x 215, 219 (11th Cir. 2008) (citing Pioneer, 507 U.S. at 395).

Turning now to Karen Hicks,[4] Wells Fargo concedes that she is not a class member.[5]  However, Wells Fargo argues that because Karen Hicks' deceased mother owned the property underlying the deficiency judgment that Wells Fargo sought against Karen Hicks personally, Karen Hicks should have opted out on behalf of her deceased mother's estate in the Fladell action.  ECF No. 353 Attach. 2 at 14 ¶ 52.  Since Karen Hicks did not file an opt-out notice, Wells Fargo argues she is barred from asserting any claims pertaining to forced placed insurance.

The undersigned finds that the facts relating to Karen Hicks are also unusual. Upon her mother's death, Karen Hicks tried to find out information related to her mother's property, such as the loan balance in order to pay it off.  Wells Fargo refused to give Karen Hicks any information regarding the property because she was not the borrower, despite the fact that Wells Fargo was aware of the borrower Donna Hicks'

---

[4] Wells Fargo makes the argument that it was not provided an opportunity to argue the opt-out issue as it relates to Karen Hicks, and that Karen Hicks seeks to re-litigate released claims. But see ECF No. 325 at 4–7. However, the two Notices of Hearings, ECF Nos. 364 and 367, made clear that this Court would be addressing the opt-out issues relating to these movants.  Defendants replied to the opt-out arguments raised at the hearing, which were also fully presented in Karen Hicks' Response, ECF No. 359. See  ECF No. 360.  The undersigned finds that these arguments were fully briefed.

[5] There is no dispute that despite notices sent by the administrator to Donna Hicks (Karen Hicks' deceased mother) and to the Estate of Donna Hicks—three of which were sent to the address listed in the court files as belonging to Karen Hicks—no request for exclusion was received from any person acting on behalf of the Estate.

5

death. Therefore, Karen Hicks could not know whether any forced placed insurance was placed on her mother's property. Importantly, Wells Fargo sued Ms. Hicks <u>personally</u> seeking a deficiency judgment on the property due to forced placed insurance even though she never signed a promissory note. Wells Fargo also contacted credit reporting agencies regarding Karen Hicks' alleged delinquency. All parties agree that Karen Hicks is not a class member, so she would not have been able to file an opt-out request on her own behalf. It is also noted that upon being recently provided with information by Wells Fargo in the state-court action, Karen Hicks asserts that forced-placed-insurance policies were issued on the property that fall outside of the class period. Wells Fargo concedes that any forced-placed-insurance policies outside of the class period would not be barred by the <u>Fladell</u> settlement.

First, Wells Fargo refused to provide Karen Hicks information pertaining to the property. As such, she was unable to attest, under penalty of perjury, that her mother had been charged forced placed insurance. Second, Wells Fargo sued her individually seeking a deficiency judgment on the subject property despite her never being a signatory on the note.[6] Third, Karen Hicks demonstrates that several of the forced-placed-insurance policies at issue in the state-court action were charged after the class period. Last, it is conceded that Karen Hicks is not a class member. Based on these facts and applying equitable considerations, the undersigned finds that the Final Judgment should not have a preclusive effect on the state-court action.

---

[6] Certainly, if Wells Fargo were suing the Estate of Donna Hicks, then any family member typically would be bound by the settlement. However, Wells Fargo refused to advise Karen Hicks that her mother's property had forced placed insurance issued on it, then sued Karen Hicks individually for a deficiency based upon that same forced placed insurance. Wells Fargo cannot use this settlement as both a sword and a shield.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

(1) Movants Jeffrey Pearson and Virginia Pearson's Motion Seeking an Order Overruling the Settlement Administrator's Purported Invalidation of their Opt-Out Request, or Alternatively for Leave to Belatedly Opt-Out, filed on June 5, 2015, ECF No. 354, be DENIED IN PART AND GRANTED IN PART. The Motion should be GRANTED to allow the Pearsons to file a belated, corrected opt-out request but DENIED in all other respects; and

(2) Karen Hicks be allowed to proceed with the state-court lawsuit in which she is a party since she is not a class member to this action, and/or may file a belated opt-out if related issues arise in that case. In accordance with this recommendation, the undersigned further recommends that Defendants' Motion for Order to Show Cause Why Karen Hicks Should not be Held in Civil Contempt for Violating Final Judgment, ECF No. 325, be DENIED AS MOOT.

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. See 28 U.S.C.A. § 636(b)(1) (providing procedure for review of Magistrate Judge Report and Recommendation). Failure to timely file objections shall bar the parties from a de novo determination by Judge Moreno of any issue covered in the Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice. See Thomas v. Arn, 474 U.S. 140, 145–53 (1985) (holding that party waives appellate review of magistrate

judge's factual findings that were not objected to within period prescribed by 28 U.S.C. § 636(b)(1) (citing United States v. Walters, 638 F.2d 947, 949–50 (6th Cir. 1981))); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013) (holding that under current Eleventh Circuit rule: "[T]he failure to object limits the scope of our appellate review to plain error review of the magistrate judge's *factual findings*[; however,] failure to object to the magistrate judge's *legal conclusions* does not preclude the party from challenging those conclusions on appeal.").

RESPECTFULLY SUBMITTED at Fort Lauderdale, Florida this 29th day of July, 2015.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Federico A. Moreno
All Counsel of Record